NATIONAL CASH REGISTER Co., Plaintiff-Appellant, *v.* R. A. BERDEGUEZ, Defendant-Appellant.

No. 3733.    Argued March 8, 1927.—Decided July 14, 1927.

*Manuel Cruz Orta* and *H. R. Francis* for the plaintiff.    *López de Tord & Zayas Pizarro* for the defendant.

MR. JUSTICE ALDREY delivered the opinion of the court.

The National Cash Register Co. sold conditionally to M. Cajigas & Sons on December 28, 1921, a cash register marked No. 442-1379-797 for $350, of which the purchasers paid $35, but did not pay the remainder which they had promised to pay in monthly instalments. The sale was recorded in the register of conditional contracts of the municipality of Aguadilla, the place of residence of the purchasers.

That cash register was sold by auction in the bankruptcy of Cajigas & Sons to Francisco Forteza & Co., who sold it to R. A. Berdeguez. The National Cash Register Co. brought an action against Berdeguez in October of 1923 to recover the property and Berdeguez defended. On appeal the District

Court of Ponce rendered judgment against the defendant without special imposition of costs and both parties have appealed, although the plaintiff's appeal is limited to the question of the costs.

Act No. 61 of 1916 in force at the time of the conditional sale of the cash register provides that the ownership of movable goods and chattels conditionally sold is to remain in the vendor until such goods and chattels are fully paid for, or until the occurrence of some future event or contingency subject to the provisions of the Act, with the right to retake the goods in case of failure to comply with the stipulations of the contract and subject to other provisions of the Act. These conditions shall be void as against third persons and in respect to them the sale shall be held to be absolute, unless the contract containing such stipulations and reservations, or a faithful copy thereof, shall have been recorded in the register of conditional sales of the municipality where the purchaser resides. As in this case the contract of conditional sale to M. Cajigas & Sons was recorded as provided by law, the conditions thereof prejudice subsequent purchasers who acquired the cash register subject to the same conditions agreed to by Cajigas & Sons, and therefore the plaintiff is entitled to recover the cash register.

The defendant-appellant argues that the contract should have been recorded at the place of residence of the vendor, as said in the Spanish text of the act, but the English text reads that the record shall be made at the place of residence of the purchaser, and the act was introduced in English and approved in that language by the Governor.

The other questions raised by the defendant are of no importance.

The appeal taken by the plaintiff in regard to the costs has not been perfected by filing in this court a transcript of the record for the purpose of the appeal or any written brief in support thereof; therefore it must be dismissed.

Both appeals are dismissed and the judgment appealed from affirmed.